# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANDREW GAHAFER,

    Plaintiff,

v.                                                      Case No. 17-1165 MV/SCY

E & M INTERNATIONAL, INC.,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's response (Doc. 6) to the Court's Order to Show (Doc. 4). In my Order to Show Cause, I directed Defendant to show cause as to why this case should not be remanded to state court due to a lack of federal jurisdiction. In Defendant's response, Defendant contends that jurisdiction exists for a number of reasons. Having reviewed Defendant's response, the relevant law, and being otherwise fully advised, I recommend remanding this action to state court.

As explained more fully in my Order to Show Cause (Doc. 4), Defendant removed this action to federal court on the basis of federal question jurisdiction. Defendant represented in the Notice of Removal that Plaintiff's claim arose under the Americans with Disabilities Act. Doc. 1 at ¶ 9. Finding no such claim, and attempting to clarify that Plaintiff's allegation in the Complaint that he filed an EEOC charge does not constitute a claim under the ADA, I ordered Defendant to show cause as to why the case should not be remanded. Doc. 4.

On December 18, 2017, Defendant filed its response and contended that the case was properly removed for three reasons. First, Defendant objected to my finding that Plaintiff's lone claim arose under NMSA 1978, Section 28-1-7. Second, Defendant objected to my reliance on the oft-stated legal principle that a plaintiff is master of his or her complaint and may avoid

federal jurisdiction by exclusive reliance on state law.  Finally, and closely related to Defendant's first objection, Defendant objected to my finding that Plaintiff's representation in his charge of discrimination that he was discriminated against contrary to the Americans with Disabilities Act is insufficient to establish federal question jurisdiction.  The common theme of Defendant's objections is that because Plaintiff did not properly exhaust state law administrative remedies to assert a cause of action under the New Mexico Human Rights Act but did file a charge with EEOC, Plaintiff is only able to assert a claim under the ADA and federal jurisdiction is therefore proper.

"Federal Courts are courts of limited jurisdiction, they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  Under 28 U.S.C. § 1331, federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States."  "A case arises under federal law if its "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Morris*, 39 F.3d at 1111 (internal quotation marks and citation omitted).

The Court first reiterates that, contrary to Defendant's Notice of Removal, no claim under the ADA is asserted in Plaintiff's Complaint.  A "suit arises under the law that creates the cause of action." *Merrel Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation omitted).  Here, Plaintiff's Complaint claims that he is attempting to appeal a notice of non-determination from the Department of Workforce Solutions pursuant to NMSA 1978, Section 28-1-13 and assert a cause of action under the New Mexico Human Rights Act, 28-1-7.  Neither of these are federal laws and it is furthermore immaterial to the determination of federal jurisdiction whether Plaintiff failed to actually exhaust his administrative remedies before the

appropriate state agencies before bringing these claims. What is material is whether a cause of action arising under federal law appears on the face of Plaintiff's Complaint. To this point, the Court reiterates that Plaintiff's allegation that he filed a charge with the EEOC does not state a cause of action under the ADA. Even if Plaintiff could assert a cause of action under the ADA, and appropriately exhausted his administrative remedies with the EEOC, the fact remains that *he did not do so*. Despite Defendant's contention otherwise, the United States Supreme Court has stated that a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

It appears that Plaintiff chose not to pursue a claim under the ADA but instead chose to proceed fully under the New Mexico Human Rights Act. Even if Plaintiff inadvertently failed to file an ADA claim, however, the Court cannot impose on his Complaint a cause of action he did not plead. This remains true regardless of the administrative steps he complied with in order to assert such a claim. *See Heckelmann v. Piping Companies, Inc.*, 904 F.Supp. 1257, 1260 (N.D. Okla. 1995) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). Accordingly, I first recommend finding that no federal cause of action exists on the face of Plaintiff's Complaint. Because no federal cause of action is asserted in Plaintiff's Complaint, the next inquiry is whether Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See id.*

As the Tenth Circuit has held in a slightly different context, a plaintiff's decision to assert only state law claims of discrimination do not implicate substantial questions of federal law. *See Hooten v. Ikard Servi Gas*, 525 Fed. App'x 663, 669 (10th Cir. 2013). In *Hooten*, the plaintiff contended that his claims under the New Mexico Human Rights Act for age and disability discrimination presented substantial question of federal law. The Tenth Circuit rejected this

argument and concluded that the plaintiff could not "convert the state-law claims to federal claims by resorting to the 'substantial question' branch of federal question jurisdiction." *Id.*; *see also Heckelmann*, 904 F.Supp. at 1262 (concluding that federal jurisdiction did not exist where the plaintiff chose to pursue only state law discrimination claims instead of any available federal remedies). Thus, to the extent that Defendant is contending that Plaintiff's claims raise substantial questions of federal law, I similarly recommend rejecting that argument.

For the foregoing reasons, I recommend denying Defendant's objections to my Order to Show Cause (Doc. 6) and remanding this matter to state court due to the lack of subject matter jurisdiction.

_____
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**