IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW GAHAFER,

    Plaintiff,

v.                                      Case No. 17-1165 MV/SCY

E & M INTERNATIONAL, INC.,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's objections (Doc. 9) to Magistrate Judge Yarbrough's Proposed Findings and Recommended Disposition (PFRD) (Doc. 8). In his PFRD, Magistrate Judge Yarbrough recommended concluding that because no federal cause of action was asserted on the face of Plaintiff's Complaint and because Plaintiff's claims do not implicate substantial questions of federal law, this case must be remanded to state court for lack of subject matter jurisdiction. Doc. 8. For the following reasons, the Court rejects Defendant's Objections (Doc. 9) to Magistrate Judge Yarbrough's PFRD and therefore adopts the PFRD. The Court will accordingly remand this matter to state court.

Defendant removed this matter to federal court on November 27, 2017. Doc. 1. Defendant alleged in the Notice of Removal that Plaintiff's claims arose under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 *et. seq.* Doc. 1. On December 5, 2017, Magistrate Judge Yarbrough issued an Order to Show Cause concluding that Plaintiff's claims do not arise under the ADA and directing Defendant to show cause as to why the case should not be remanded due to a lack of subject matter jurisdiction. Doc. 4. Defendant responded on December 18, 2017, and contended that the case was appropriately removed. Doc. 6. Magistrate Judge

Yarbrough thereafter filed the PFRD addressing Defendant's objections to the Order to Show Cause and recommending that this case be remanded. Doc. 8. The Court now addresses Defendant's objections to the PFRD. Doc. 9.

Defendant's first objection takes issue with Magistrate Judge Yarbrough's recommended finding that Plaintiff did not assert a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 *et. seq*. Doc. 9 at 1. Defendant contends that this finding is erroneous because Plaintiff filed a charge with the EEOC and because Plaintiff alleged in his Complaint that he was terminated because of his disability.

The Court first notes that Defendant's contention regarding the allegations in Plaintiff's Complaint is misleading. In briefing, Defendant quotes Plaintiff's Complaint thusly: "Plaintiff was terminated because of his disability. [ADA]." Doc. 9 at 2. Plaintiff's Complaint, however, only states that "he was terminated because of his disability." Doc. 1-1 at ¶ 5. Although the Court recognizes that bracketed material often indicates an alteration to the quoted material, Defendant's addition of "[ADA]" is misleading when the issue being determined is whether Plaintiff pled a cause of action under the ADA. In fact, the need for Defendant to add this bracketed material seems to confirm Judge Yarbrough's recommended finding that no reference to the ADA appears anywhere in Plaintiff's Complaint.

Nevertheless, based on the Court's own review of Plaintiff's Complaint, the Court agrees with Magistrate Judge Yarbrough's PFRD and accordingly rejects Defendant's contention on this point. As Magistrate Judge Yarbrough has repeatedly explained, for purposes of federal question jurisdiction, "[a] case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d

1105, 1111 (10th Cir. 1994) (internal quotation marks omitted). Plaintiff's Complaint indicates that he is attempting to appeal an order of non-determination by the Department of Workforce Solutions pursuant to NMSA 1978, § 28-1-13. Plaintiff further asserts two state law causes of action. The first claim is under NMSA 1978, § 28-1-7(I) for terminating Plaintiff due to his disability and the second is under the same provision for retaliation. Doc. 1-1 at ¶¶ 8, 9. *None of these are federal claims*.

Furthermore, the allegation that Defendant argues evidences Plaintiff's claim under the ADA does not even appear in the "Causes of Action" section of his Complaint but is instead set out in the factual background of the Complaint. Thus, even construing the allegation as a reference to the ADA would not necessarily lead to the conclusion that Plaintiff was asserting a cause of action under the ADA. Regardless, for the reasons above, the Court does not construe it as a reference to the ADA and the Court cannot make it any clearer for Defendant that neither Plaintiff's allegation that he was terminated due to a disability nor the fact that he filed a charge with the EEOC changes the fact that Plaintiff did not ultimately bring a cause of action under the ADA. The Court accordingly agrees with Magistrate Judge Yarbrough that no federal cause of action is pled on the face of Plaintiff's Complaint.

Second, it is similarly immaterial to the Court's determination of jurisdiction whether or not Plaintiff appropriately exhausted his state or federal administrative remedies. The determination of whether Plaintiff's state law causes of action are viable in the event he failed to appropriately exhaust state law administrative remedies has no bearing on whether this Court has jurisdiction. Likewise, even if Plaintiff appropriately exhausted federal administrative remedies but declined to assert a cause of action under the ADA, the Court still does not have jurisdiction because Plaintiff did not assert those claims. As Magistrate Judge Yarbrough explained, the

Court cannot construe Plaintiff's Complaint as containing a cause of action he did not assert regardless of the administrative steps Plaintiff complied with to assert the cause of action. *See* Doc. 8 at 3 (citing *Heckelmann v. Piping Companies, Inc.*, 904 F. Supp. 1257, 1260 (N.D. Okla. 1995). The Court therefore rejects Defendant's objection on this point.

Finally, the Court rejects Defendant's objection regarding Magistrate Judge Yarbrough's recommended conclusion that a substantial question of federal law is not presented in Plaintiff's Complaint. Defendant's objections on this point remain premised on his contention that either the EEOC charge constitutes a federal cause of action or that Plaintiff cannot appropriately assert the state law causes of action because he failed to exhaust his state administrative remedies. *See* Doc. 9 at 3-5. As concluded above, neither of these contentions has merit in regard to the determination of federal jurisdiction in this case.

In sum, the Court rejects Defendant's objections. For the reasons stated in both Magistrate Judge Yarbrough's Order to Show Cause (Doc. 4) and his PFRD (Doc. 8), the Court therefore concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint. Plaintiff did not assert a cause of action under the ADA as alleged by Defendant in its Notice of Removal (Doc. 1). Furthermore, the resolution of Plaintiff's state law causes of action does not necessarily depend on the resolution of a substantial question of federal law. Accordingly, this matter must be remanded.

**IT IS THEREFORE ORDERED:**

(1) The Court ADOPTS Magistrate Judge Yarbrough's Proposed Findings and Recommended Disposition (Doc. 8).

(2) Pursuant to 28 U.S.C. § 1447(c), this matter is hereby remanded to the Second

   Judicial District Court of New Mexico.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE